UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| CARL BLAIR, | ) | | |
| | ) | | |
| Petitioner, | ) | No. | 1:14-cr-28-001/1:15-cv-229 |
| | ) | | |
| v. | ) | | Mattice/Carter |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 141].[1] The Government filed a response in opposition [Doc. 144]. No reply has been filed by Petitioner, and the time for doing so has passed. E.D. Tenn. L.R. 7.1. For the reasons stated below, Petitioner's § 2255 motion [Doc. 335] will be **DISMISSED.**

**I.     Background**

In February 2014, Petitioner was charged in a twenty-count indictment [Doc. 3]. Specifically, Petitioner was charged with conspiring to distribute and possess with intent to distribute cocaine, seven counts of aiding and abetting the distribution of cocaine, two counts of distributing cocaine, and possessing ammunition as a felon [*Id.*].

In July 2014, Petitioner pleaded guilty, pursuant to a plea agreement with the United States, to Count One charged conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(b)(1)(C) [Doc. 80 p. 4]. Pursuant to the written plea agreement, the Government agreed to dismiss the remaining nineteen counts after sentencing [*Id.*].

---
[1]     All docket entry references are to case number 1:14-cr-28.

In November 2014, Petitioner was sentenced to a 57-month term of confinement and a 3-year term of supervised release [Doc. 101].

Petitioner did not appeal, but instead filed this timely motion under 28 U.S.C. § 2255.

## II. Standard of Review

Under 28 U. S. C. § 2255(a), a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction and sentence, if he claims that the sentence was imposed in violation of the Constitution or laws of the United States; that the court lacked jurisdiction to impose the sentence; or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Under Rule 8 of the rules governing § 2255 proceedings in United States District Courts (the "§ 2255 Rules"), courts must determine, based on a review of the answer and the record, whether an evidentiary hearing is required. *Pola v. United States*, 778 F.3d 525, 532 (6th Cir. 2015) (quoting *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013)). The burden to show an entitlement to an evidentiary hearing is relatively light, but must offer more than mere assertions of innocence. *Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). For example, a petitioner is entitled to an

evidentiary hearing where he presents "a factual narrative of the events that is neither contradicted by the record nor inherently incredible and the Government offers nothing more than contrary representations to contradict it." *Huff*, 734 F.3d at 707 (quoting *Valentine*, 488 F.3d at 334); see also *Pola*, 778 F.3d at 534 (noting an evidentiary hearing would be required where affidavits directly contradicted each other regarding whether petitioner had requested counsel to file a notice of appeal). In contrast, an evidentiary hearing is not required where the record conclusively shows a petitioner is entitled to no relief. *Huff*, 734 F.3d at 607 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). In this case the Court sees no need for an evidentiary hearing at this time.

### III. Discussion

Petitioner alleges error by this Court at sentencing and ineffective assistance of counsel [Doc. 141].

#### A. Sentencing Error

Petitioner argues that the district court's sentence proceeding did not correctly calculate the applicable U.S. Sentencing Guidelines [Doc. 141 p. 5]. Petitioner states that "a district court's decision to vary from the advisory Guidelines may attract greatest respect when it is based on the particular facts of a case" and "this system doesn't allow a probation officer to fabricate a two (2) point increase in the Guidelines for information given before sentencing" [*Id.*].

In response, the Government argues Petitioner's challenge to the Guidelines calculations is unreviewable and meritless [Doc. 144 p. 5]. The Government asserts that no two-level enhancement was ever applied to Petitioner's Guideline range [*Id.*]. In fact, the Court lowered Petitioner's Guidelines range by two levels based on the intervening 2014 Sentencing Guidelines

3

Manual, not because of any error by the probation officer [*Id.*]. Furthermore, the Government states that "[a] challenge to a sentencing court's guidelines calculation . . . only challenges the legal process used to sentence a defendant and does not raise an argument that the defendant is ineligible for the sentence [he] received." *Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir. 2011). The Government avers that because this claim does not involve a constitutional or jurisdictional issue, it is not cognizable under § 2255 absent extraordinary circumstances which has not been alleged by Petitioner or suggested through the record [Doc. 144 p. 5].

The 2013 Guidelines Manual, incorporating all guideline amendments, was used to determine Petitioner's offence level [Doc. 80 p. 7]. Prior to Petitioner's sentencing and based on his plea agreement, the Government found that Petitioner is entitled to a reduction in his offense level based on acceptance of responsibility [*Id.* at 6]. Accordingly, pursuant to USSG § 3E1.1(a), the Government proposed that the offense level be decreased by two, as Petitioner clearly demonstrated acceptance of responsibility for the offense [*Id.*].

The guideline for 21 U.S.C. § 846 offenses is found in USSG § 2D1.1 of the Guidelines [*Id.*]. That section provides that an offense involving at least 3.5 KG but less than 5 KG has a base offense level of 30 [*Id.*]. After the two point reduction for acceptance of responsibility and an additional one point reduction for assisting authorities in the investigation or prosecution of Petitioner's own misconduct by timely notifying authorities of the intention to enter a plea of guilty, Petitioner's total offense level was found to total 27 [*Id.*]. Based upon a total offense level of 27 and a criminal history category of I, the guideline imprisonment range is 70 months to 87 months [*Id.* at 13]. However, Petitioner was sentenced to be imprisoned for a total term of 57 months. As it appears to this Court, Petitioner's sentence is below the Guideline range.

Even without the Government's argument asserting that the waiver provision, signed knowingly and voluntarily by Petitioner in his Plea Agreement, bars any § 2255 relief regarding sentencing guidelines, this Court finds that Petitioner's motion and the record fail to provide any evidence that the district court varied from the advisory Guidelines or that a probation officer fabricated a two point increase in the Guidelines prior to sentencing. In fact, after further review of Petitioner's PSR and final sentencing, the Court finds that Petitioner was sentenced to a below Guideline range. The Court finds that Petitioner's claim of incorrectly calculated sentencing Guidelines is without merit.

### B. Ineffective Assistance of Counsel

To the extent Petitioner claims ineffective assistance of counsel for not objecting to the Guideline range, as interpreted by the Government, the Court finds no deficient performance by counsel or any prejudice for the following reasons.

Claims of ineffective assistance arise from the guarantee in the Sixth Amendment, which reads, in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a break down in the adversary process that renders the result unreliable.

*Id*. As with any other claim under § 2255, a movant bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of *Strickland*'s test, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A petitioner asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

When considering *Strickland*'s second prong, in the context of a guilty plea, the movant must show a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Moss v. United States*, 323 F.3d 445, 454-55 (6th Cir. 2003) (quoting *Strickland*, 466 U.S. at 694). To demonstrate a reasonable probability he would have gone to trial, a defendant is required to present evidence apart from a lone assertion that but for counsel's error he would have pleaded not guilty and gone to trial. *See Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir. 1995), *cert. denied*, 516 U.S. 1058 (1996).

The standard by which a court reviews counsel's performance is highly deferential,

6

*Strickland*, 466 U.S. at 689, and counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). While both prongs must be established in order to meet a petitioner's burden, if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 697. A petitioner alleging ineffective assistance of counsel bears a heavy burden of proof. *Pough*, 442 F.3d at 966.

As the Government states in its response, Petitioner "devotes three full pages in his § 2255 motion to the law which governs claims by ineffective assistance of counsel, yet he has not clearly articulated any alleged ineffectiveness by counsel" [Doc. 144 p. 7]. Although unclear, the Court interprets that Petitioner is alleging that his 57-month sentence was based on an incorrect Guideline range; therefore, had Counsel objected in the PSR, the result would have been different.

The Government argues that there is no legitimate basis upon which Counsel could have objected to the Guidelines range because Petitioner's base offense level was correctly based upon the drug quantity to which he himself had admitted [*Id.*]. The Government asserts, what has previously been stated in the above analysis, that the Court granted a three-level reduction for acceptance of responsibility, and thereafter imposed a sentence at the bottom of the resulting Guidelines range.

Petitioner either misreads or misinterprets the sentencing guidelines or his PSR. Because Petitioner was convicted in Count One, of a 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(C) offense and because he received a three-level reduction for acceptance of responsibility, his sentence imposed is found to be constitutionally valid. Accordingly,

7

Counsel's alleged misstep in failing to object to what was a true statement of the Guideline range did not constitute a deficient performance and did not cause Petitioner prejudice. Absent a showing of both cause and prejudice, Counsel did not furnish Petitioner with ineffective assistance, and no relief is warranted with respect to this claim.

## IV. Conclusion

Based on the above analysis, Petitioner's claims of ineffective assistance of counsel and sentencing error lack merit, and therefore, his § 2255 motion to vacate will be **DENIED** and **DISMISSED**.

## V. Certificate of Appealability

The Court must now consider whether to issue a certificate of appealability (COA) should Petitioner file a notice of appeal, since he may not appeal a final order in a § 2255 case to the Sixth Circuit unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. §2253(c)(1). Issuance of a COA depends on whether a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). A petitioner whose claims have been rejected on the merits meets the requirements of § 2253(c) by showing jurists of reason would find the assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has individually assessed Petitioner's claims under the relevant standards and finds that those claims do not deserve to proceed further because they are not viable in light of the governing law and that jurists of reason would not conclude the disposition of those claims was debatable or wrong. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA will not issue. 28 U.S.C. § 2253(c); Fed. R. App. P.

22(b).

**A SEPARATE JUDGMENT WILL ENTER.**

          */s/ Harry S. Mattice, Jr.*
          HARRY S. MATTICE, JR.
          UNITED STATES DISTRICT JUDGE